C. B. HOWARD, PLAINTIFF IN ERROR, v. DAKOTA COUNTY AND JOHN P. SMITH, JAMES HOGAN, JOHN PROVANCHA, COUNTY COMMISSIONERS, DEFENDANTS IN ERROR.

1. **Roads**: PETITION: JURISDICTION OF CLERK. Where a petition, for the establishment of a public road is presented to the county clerk, under the provisions of chapter 78, Compiled Statutes of 1887, by a greater number of signers than is required by law, and which petition is accompanied by an affidavit of one of such signers that all of the signers are electors of the county in which the establishment of the road is desired, and that they reside within five miles of the proposed road; the petition also being accompanied with a deposit of money for the purpose of defraying the expenses, in case the road should not be established, the county clerk will have jurisdiction to appoint a commissioner, as provided for by section 6 of said chapter, to view the proposed road.

2. ———: JURISDICTION: PROCEEDINGS. Jurisdiction of the county commissioners to locate a public road having been shown, all subsequent proceedings will be liberally construed, and a substantial compliance with the statute will be held sufficient.

ERROR to the district court for Dakota county. Tried below before CRAWFORD, J.

*Mell C. Jay* and *John T. Spencer*, for plaintiff in error, cited: *McCabe v. Board of Commissioners*, 46 Ind., 382. *Williams v. Holmes*, 2 Wis., 97. *Commissioners of Wabaunsee County v. Muhlenbacker*, 18 Kan., 132. *Denning v. Corwin et al.*, 11 Wend., 647. *Gallatian v. Cunningham*, 8 Cow., 370. *Robinson v. Mathwick*, 5 Neb., 254-255. *Mossman v. Forrest*, 27 Ind., 235.

*Barnes Bros.*, for defendant in error, cited: *Keyes & Crawford v. Tate*, 19 Iowa, 123. *Robinson v. Mathwick*, 5 Neb., 252. *State, ex rel. Sims, v. Otoe County*, 6 Neb., 130. *Doody v. Vaughn*, 7 Neb., 28. *State v. Berry*, 12

Iowa, 58.   *Willis v. Spoule,* 13 Kas., 268.   *Beebe v. Scheidt,* 13 O. St., 416.

REESE, CH. J.

This is a proceeding in error to the district court of Dakota county.   The action, in that court, was upon a petition in error for the review of the proceedings of the board of county commissioners, in the location of a road in said county, a part of which was over and across the real estate of plaintiff in error.

The following grounds are assigned as the reasons why the district court erred in sustaining the order of the board of county commissioners in establishing the road:

"1st.   That there was no showing of record that the persons who signed the petition for the highway were electors residing within five miles of said road asked to be established.

"2d.   There is no showing of record that the petitioners deposited with the county clerk a sufficient sum of money to pay the expenses of the location of said road.

"3d.   There was no examination of the route of the proposed road by the commissioner appointed for that purpose.

"4th.   That the line of the proposed road was never marked and platted in the manner required by law.

"5th.   That the line of the proposed road was not surveyed until three months after the said road had been established, and then on a different route than prayed for in the petition."

These assignments will be noticed in their order.

1st.   The record shows that a petition, signed by twenty persons styling themselves electors and freeholders, residing within five miles of the proposed road, was filed with the county clerk on the 11th day of January, 1887, for the establishment of the road.   To this petition is attached

the affidavit of John P. Smith, one of the signers, that the persons whose names are attached thereto are freeholders and electors in Dakota county, and reside within five miles of the line of the proposed road.

It is admitted by plaintiff in error that the petition shows upon its face that the signers were electors and residing within five miles of the road petitioned for, but it is contended that there was no determination of record by the county commissioners by which this fact is found. That is, that there should have been some finding by the board that the petition was signed by persons having the requisite qualifications, to confer jurisdiction.

A number of cases are cited in support of this contention, but it is not believed that they could give any aid in the solution of the question presented, as they are not upon statutes similar to those of this state.

Chapter 78 of the Compiled Statutes of 1887 contains the law of this state upon the matter of the location and establishment of county roads. Section 4 of that chapter provides that any person desiring the establishment of a public road shall file in the clerk's office, of the proper county, a petition signed by at least ten electors residing within five miles of the proposed road.

This petition, as it will be observed, is to be filed with the county clerk. It then becomes the duty of the county clerk, without any direction from the county board, to appoint a suitable and disinterested elector of the county a commissioner to examine into the expediency of the proposed road, and report accordingly. It is quite probable that the petition should be accompanied by proof that the petitioners possessed the qualification referred to by section 4, in order to give the county clerk authority to appoint the commissioner. As we have seen, this was done, and it so appears of record. The jurisdiction was thereby conferred, and the clerk had the power to make the appointment.

2. This objection is not sustained by the record, for we find not only a recital in the petition that the petitioners deposited with the petition the sum of twenty dollars to pay the expenses in case the road is not established, but we also find endorsed upon the filing page of the petition a memorandum of such deposit.

3. As to the third proposition, the record shows that, after the filing of the petition, the clerk appointed a commissioner to examine into the expediency of the proposed road, in accordance with the provisons of section 7 of the chapter under consideration, and that the commissioner who was appointed duly reported to the clerk, that he had viewed and examined the route, from the place of beginning to its termination, by traveling over it, and found it would make a practicable road, and was much needed. In his report he also notifies the county authorities as to the number of bridges already built, and the number of bridges and culverts to be built, and the proper size of the former. This report is dated January 28, 1887. Accompanying the report is a plat of the road, certified by the commissioner to be correct. This report seems to meet all of the requirements of sections 7, 8, 9, and 10, of the road law.

It will be seen by sections 9 and 10 that, if after a general examination he deems such establishment expedient, he may proceed at once to lay out the road, and may report accordingly, if the circumstances of the case are such as to enable him to do so without causing the line to be surveyed and marked out as provided by section 11.

4. As we have seen, the record shows that the line of the proposed road was platted, and that the plat was attached to the report of the commissioner. The clerk then gave the notice to land owners required by section 18, and fixed the 5th of November, 1887, as the time at which claims for damages or objections to the road should be filed. That notice was dated February 1st, of the same

year, and was duly published, as shown by the record. Claims for damages were filed by the land owners, among whom was plaintiff in error. This claim was filed March 7, 1887, but no objection to the establishment of the road was filed by him. No question of jurisdiction was raised. Appraisers were appointed, as provided by section 21, who made the examination necessary, and reported an allowance to plaintiff in error of $30, as the damages sustained by him.

It appears that, on the 8th and 9th days of June, the special commissioner appointed by the clerk caused the road to be surveyed. There is nothing in the record showing the date of filing the survey and field notes, or any objections made upon that ground; and it is quite probable that none could be made, as the report prior to the survey seems to have fully complied with the law.

We fully agree with counsel for plaintiff in error, that compliance with the preliminary provisions of the statute authorizing the establishment of a public road must be made before jurisdiction will be obtained, and that the facts necessary to confer jurisdiction must be shown, but where jurisdiction is shown, courts will construe the proceedings of inferior courts with liberality. The jurisdiction plainly appears of record. The record also shows a substantial compliance with every requirement of the law in the subsequent proceedings relating to the establishment of the road. Plaintiff in error seems to have made no objection to the location of the road, but, acquiescing therein, presented his claim for damages.

We see no error in the judgment of the district court, and it is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.