J. L. Witherwax, appellant, v. Holt County, appellee.

Filed July 14, 1920.    No. 21417.

Highways: Objection to Location: Waiver. "Where a landowner files a claim for damages caused by the location of a public road over his land, he thereby waives all objections on the ground of irregularities in locating the road." *Davis v. Boone County*, 28 Neb. 837.

Appeal from the district court for Holt county: Robert R. Dickson, Judge. *Affirmed.*

*H. M. Uttley*, for appellant.

*Lewis C. Chapman*, contra.

Dean, J.

Plaintiff appealed from a judgment dismissing his petition in error in an action wherein he alleged that the county board that located a highway on his land was without jurisdiction "over the subject-matter of the action and the person of the appellant."

The petition alleged that the notice required by section 2870, Rev. St. 1913, was not served; that no claim for damages was filed by any person; and that the county clerk could not therefore lawfully appoint appraisers to examine and report upon claims.

In his objections filed in the county clerk's office plaintiff states that the road "will practically destroy five acres of land," and that his damages "will not be less than $1,500 * * * if said road is finally established * * * according to the notice served upon this objector by the deputy sheriff. This claim or demand for damages is not made with the intent to waive any of the objections made." In plaintiff's notice of appeal from the board's action on his claim, which is in part disallowed, he refers to himself as "being a claimant for damages" and therein says that he

"appeals from said decision." It appears that his appeal bond was approved and filed in the county clerk's office.

In explanation of the foregoing statements plaintiff argues that they constitute "simply a continuation of our recital of reasons why the road should not be established and why the board had no jurisdiction." There is no bill of exceptions and we therefore do not know what evidence was before the board at the hearing. In respect to its action in the premises, and in the absence of proof to the contrary, the presumption is that "in their judgment, founded on the testimony, the public good" required the establishment of the road. Rev. St. 1913, sec. 2878.

That plaintiff was served with notice, and that he filed a claim for damages and appealed from an adverse decision sufficiently appears. When the county board has jurisdiction, and the contrary does not appear in the present case, and a landowner files his claim for damages for the establishment of a road on his land, he thereby waives all objections on the ground of irregularities in locating the road. *Davis v. Boone County*, 28 Neb. 837. Plaintiff is fairly within the rule announced in the *Davis* case. "Jurisdiction of the county commissioners to locate a public road having been shown, all subsequent proceedings will be liberally construed, and a substantial compliance with the statute will be held sufficient." *Howard v. Dakota County*, 25 Neb. 229.

The judgment is

AFFIRMED.

ALDRICH, J., not sitting.