KNOX v. EPSOM.

Aug. 13,
1875.

*Laying out highways—Notice.*

Persons interested in the question of the laying out of a new highway, but not entitled by statute to notice of the petition, cannot object to the sufficiency of the notice to a town entitled by law to notice.

FROM MERRIMACK CIRCUIT COURT.

PETITION of Henry Knox and eighteen others for a new highway in the town of Epsom. The petition was filed March 25, 1875, and an order of notice issued by the clerk of the court and annexed to said petition, requiring service thereof by "causing a certified copy of said petition and of this order thereon to be given to or left at the last and usual place of abode of the town-clerk and one of the selectmen of said town, each twenty-eight days at least before said April term of said court." It was addressed to the circuit court, and entered at the present term, which commenced on the first Tuesday of the month, as fixed by law. On the back of the petition, under date of March 26, 1875, is the following writing :

" The town of Epsom hereby acknowledges due and legal service of the within petition and order of notice thereon on said town, and waives all objection and exception to the want of formal legal service thereof upon said town, a copy thereof duly certified having been given to the selectmen, which is accepted as and for legal service on the town-clerk and one of the selectmen, made more than twenty-eight days before the term of court to which the same is returnable.

[Signed]            The town of Epsom, by

SAMUEL MARTIN,      } *Selectmen*
ANDREW S. EVANS,    }    *of*
DAVID M. KNOWLES,   } *Epsom.*"

Upon the clerk's docket appears the entry of the name of counsel for the petitioners and " selectmen for the town of Epsom," made by the clerk at the suggestion of counsel for the petitioners, he understanding that such entry would be agreeable to the selectmen.

Upon the call of the docket, and upon motion of the petitioners' counsel (no one opposing said motion), it was ordered that the petition be referred to the county commissioners. Subsequently, a week or two later, Messrs. Tappan & Albin appeared, and by leave of court entered their names upon the docket, as appearing specially for certain remonstrants, and for the " Cemetery Association." They were permitted to file in court the remonstrance of J. B. Tennant and one hundred and forty-eight others, " inhabitants and legal voters of the town of Epsom," representing that " on the ninth of March, 1875, at a legal meeting of the legal voters in said Epsom, an article in the warrant warning said meeting reads as follows, to wit,—

'Art. 9th. To see what action the town will take upon the petition of William Goss and others for a new highway, beginning,' " &c. [describing the same route prayed for in the petition in this case]. " On motion to instruct the selectmen to lay out said highway, the motion was lost, thirty-seven having voted in favor and seventy-eight having voted against it. And whereas your petitioners believe there is no need of a public highway, as set forth in the petition asking for the same, and that said highway (should the same be laid out) will not be for the accommodation to the public, but will be a public nuisance, inasmuch as it will take a portion of the burying-yard, to the detriment of said yard and the public." Wherefore they pray this court not to lay out said highway.

Messrs. Tappan & Albin then moved that the petition be dismissed. The motion was denied, and the said Tappan & Albin excepted. The questions of law thus raised were thereupon transferred to this court for determination by FOSTER, C. J.

*Fowler*, for the petitioners.

*Tappan & Albin*, for the remonstrants.

*Selectmen*, for the town.

LADD, J. I think the motion to dismiss this petition must be denied. The notice required in cases of this sort is prescribed by Gen. Stats., chap. 63, sec. 2. " The petitioners shall cause a certified copy of the [petition] to be given to or left at the places of abode of one of the selectmen and the town-clerk of each town through which such road may pass, twenty-eight days before the next term of said court." No other notice, and no notice to any other person, are required.

The objection—that the notice to the town was not sufficient—does not come from the town, but from certain remonstrants, and the cemetery association. These parties, however great their interest in the question whether the highway shall or shall not be laid out, are not legally entitled to formal notice of the petition, and I do not see upon what ground they can be heard to object to the sufficiency of the notice to the town. The facts stated by the remonstrants may properly be urged by them at the hearing before the commissioners, but they constitute no reason why the petition should not be referred in the usual way. My conclusion is, that the exception must be overruled without considering the effect of the waiver of notice signed by the selectmen.

CUSHING, C. J., and SMITH, J., concurred.

*Exception overruled.*