WM. D. DAVIS V. COMMISSIONERS OF BOONE COUNTY.

[FILED FEBRUARY 25, 1890.]

1. **Roads**: ORDER LOCATING: PROCEEDINGS TO REVERSE. Where objections to the location of a public road were filed by a landowner with the board of county commissioners and by such board overruled, and the case taken on error to the district court and from there, on the affirmance of the order, to the supreme court, only the objections made before the commissioners will be considered ; the question being whether or not they erred.

2. ———: ———: WAIVER OF OBJECTIONS. Where a land-owner files a claim for damages caused by the location of a public road over his land, he thereby waives all objections on the ground of irregularities in locating the road.

ERROR to the district court for Boone county. Tried below before TIFFANY, J.

*I. L. Albert*, for plaintiff in error:

The record must show affirmatively that all the requirements of the statute have been complied with. (*People v. Scio*, 3 Mich., 121; *Gray v. Com'rs*, 40 Id., 165 ; *Williams v. Holmes*, 2 Wis., 129*; *Com'rs v. Muhlenbacker*, 18 Kan., 132; *Com'rs v. Cuttler*, 7 Ind., 6; *McCabe v. Com'rs*, 46 Ind., 382.) The county board is a tribunal of limited jurisdiction, and all facts necessary to authorize its action must appear of record. (*Robinson v. Mathwick*, 5 Neb., 252; *Howard v. Dakota County*, 25 Id., 229.)

*J. A. Price, contra:*

Objections to the petition must be specific and not general. (*Osborn v. Sutton*, 9 N. E. Rep., 410; *Updegraft v. Palmer*, 107 Ind., 181.) As no objections to the qualifications of petitioners were made when the claims for dam-

.ages were filed, the question cannot be raised now. (Comp. Stats. 1887, ch. 78, secs. 16, 19, 22; *In re Road in Washington Tp.*, 1 Atl. Rep., 657; *Washington Ice Co. v. Lay*, 2 N. E. Rep., 222; *Robinson v. Rippey*, 12 Id., 141; *Humboldt Co. v. Dinsmore*, 17 Pac. Rep., 710; *Breitweiser v. Fuhrman*, 88 Ind., 28; *Forsythe v. Kreuter*, 100 Id., 27; *Road in Moore Tp.*, 17 Pa. St., 116.)    The board determined the sufficiency of the petition by exercising its powers unchallenged, and it had a right to thus determine its jurisdiction. (*Damrell v. San Joaquin Co.*, 40 Cal., 158; *In re Grove St.*, 61 Cal., 453; *Tehama Co. v. Bryan*, 68 Id., 57; *Butte Co. v. Boydstun*, 11 Pac. Rep., 781; *Osborn v. Sutton*, 9 N. E. Rep., 410.)

MAXWELL, J.

This is a proceeding in error to reverse the judgment of the district court of Boone county, affirming an order for the establishment of certain public roads in that county.

It appears from the record that in November, 1888, and .March, 1889, petitions for certain public roads in that county were presented to the defendants as follows:

"*To the Honorable Board of County Commissioners of said County:*

" We, the undersigned, landholders, residents of said county, respectfully petition for the appointment of a commissioner to examine and establish a county road, commencing at the southwest corner of section 9, township 19, north, of range 8 west, in Boone county, Nebraska, running thence north along section line as far as practicable to the southwest corner of section 28, township 20, range 8 west; thence east 235 rods; thence south 80 rods or thereabouts; thence in a southeasterly direction along the' ridge to the west section line of 34, township 20, range 8 west; thence south along section line to southeast corner of sec-

tion 9, town 19 north, range 8 west, and terminating at said last mentioned point.

"Dated October 22, 1888.

| | |
|---|---|
| "OSBORNE PATTERSON. | L. E. AMES. |
| "JOHN T. ROBBINS. | W. S. BROWN. |
| "AUGUST RIELS. | WILHELM RIELS. |
| "NICK KEBER. | SAM'L SILLICK. |
| "L. C. CLOSE. | JOHN LANGHBEHN. |
| "J. G. FOUTS. | NIELS J. THOMOSON. |
| "LAWSON BRIAN. | TIMOTHY SLOAN. |
| "J. E. DOVE. | CORNELIUS NELSON. |
| "ROBERT NEBLOCK. | JAMES O'KEEFE. |
| "CLARK WILBUR. | SAMUEL ARTHUR. |
| "ROBERT LOCKHART. | NELSON SIMMONS. |
| "JACOB KEBER. | ANDREW PATTERSON. |
| "JOHN SCHEEL. | GEORGE RIED. |
| "THOMAS ARMSTRONG. | |

"STATE OF NEBRASKA, } ss.
   BOONE COUNTY,

"On this 5th day of March, A. D. 1889, before me, Wm. Weitzel, county clerk in and for Boone county, personally appeared Osborne Patterson, one of the petitioners within mentioned, who, upon being duly sworn, deposeth and says that the parties whose names are subscribed to the annexed petition are residents on lands within five miles of the line of said road as petitioned for at the date of petition.

                    "OSBORNE PATTERSON.

"Subscribed and sworn to before me the date above written.          WM. WEITZEL, *County Clerk.*"

A commissioner was thereupon duly appointed, who examined the route proposed and reported in favor of the road.

There were strong remonstrances against the location of the road, and the plaintiff in error personally filed objections as follows:

"*To the Honorable Board of County Commissioners of Boone County:*

"The undersigned elector, residing on the S. W. quarter of sec. 9, town 19, range 8, objects to the establishment of a county road petitioned for by Osborne Patterson and others, commencing at the S. W. corner of sec. 9, running through various courses and terminating at the S. E. corner of sec. 9, for the following reasons, to-wit:

"First—That the petition is not in accordance with sec. 4, chap. 78.

"Second—That the commissioner did not take in consideration my private interest in the S. W. ¼ of sec. 9, whereas he located the above road so as to cut me off running water on the above parcel of land so as to save the public from building a bridge and give me access to the water, which he should have done according to section 8, chapter 78.

"Third—The commissioner has not, according to section 12, chapter 78, impartially located the above road, for he called to his aid and assistance the petitioner Osborne Patterson.                    Wm. D. Davis."

He also made claims for damages, as follows:

"*To the Board of County Commissioners of Boone County, Nebraska:*

"I, Wm. D. Davis, hereby claim from Boone county the sum of $50 as damages to my property by reason of the location of the county road No. —— through the following described lands, to-wit: N. W. ¼ of section 9, town 19 north, range 8 west, 2 acres.

"Wm. D. Davis, *Claimant.*

"Filed January 30, 1889. Amount claimed, $50. Allowed by appraisers, ——. Allowed by board, $5.

"CLAIM FOR DAMAGES.

"I, Wm. D. Davis, hereby claim from Boone county the sum of $50 as damages to my property by reason of the

location of county road No. —— through the following described lands, to-wit: S. E. ¼ of section 9, town 19 north, range 8 west, 2 acres.    WM. D. DAVIS, *Claimant.*

"Filed January 30, 1889.    Amount claimed, $50.    Allowed by appraisers, ——.    Allowed by board, $5."

Also the following:

*"To the Board of County Commissioners of Boone County,*
      *Nebraska:*

"I, Wm. D. Davis, hereby claim from Boone county the sum of $800 as damages to my property by reason of the location of county road No. —— through the following described lands, to-wit: S. W. ¼ of sec. 9, T. 19 N., R. 8 west, 2 acres.    WM. D. DAVIS, *Claimant.*

"Filed January 30, 1889.    Amount claimed, $800.    Allowed by appraisers, $30.    Allowed by the board, $30.

*"To the Board of County Commissioners of Boone County,*
      *Nebraska:*

"I, Wm. D. Davis, hereby claim from Boone county the sum of $50 as damages by reason of the location of county road No. —— through the following described lands, to-wit: N. E. ¼ of sec. 9, T. 19 N., R. 8 west, 2 acres.    WM. D. DAVIS, *Claimant.*

"Filed January 30, 1889.    Amount claimed, $50.    Allowed by appraisers, ——.    Allowed by the board, $5."

Also a further claim for damages:

*"To the Board of County Commissioners of Boone County,*
      *Nebraska:*

"I, Wm. D. Davis, hereby claim from Boone county the sum of $50 as damages to my property by reason of the location of county road No. —— through the following described lands, to-wit: S. E. ¼ of sec. 5, T. 19 N., R. 8 west, 2 acres.    WM. D. DAVIS, *Claimant.*

"Filed January 30, 1889.    Amount claimed, $50.    Amount allowed by appraisers, ——.    Allowed by board, $5."

"*To the Board of County Commissioners of Boone County, Nebraska:*

"I, Wm. D. Davis, hereby claim from Boone county the sum of $25 as damages to my property by reason of the location of county road No. —— through the following described lands, to-wit: S. E. ¼ of N. E. ¼ of sec. 5, T. 19 N., R. 8 west, 1 acre. · WM. D. DAVIS, *Claimant.*

"Filed January 30 1889. Amount claimed, $25. Allowed by appraisers, ————. Allowed by board, $5."

Objections were overruled by the defendants and the roads in question located.

The district court affirmed the order of the defendants.

As this proceeding is, in effect, a review of the official acts of the defendants in locating the road in controversy, only the objections made before them will be considered.

First—That the petition is not in accordance with section 4, chap. 78, and is as follows:

"Any person desiring the establishment, vacation, alteration of a public road, shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established or vacated, in substance as follows:

"'To the Board of —— County:

"'The undersigned ask that a public road, commencing at —— and running thence —— and terminating at ——, be established, vacated, or altered (as the case may be).'"

The objection was entirely too general in its terms. It should have pointed out wherein the petition failed to comply with the provisions of the statute so that the attention of the defendants could have been called to the defect. No doubt more than ten of the petitioners were electors residing within the required distance and the petition could have been so amended if necessary. This objection, therefore, was properly overruled.

The second and third objections are not supported by any evidence in the record, and, therefore, are unavailing. In addition to this the filing by the plaintiff in error of a claim for damages waives all objections to the location of the roads.   He, in effect, says to the defendants, "You have taken my land for a public road and I demand damages therefor."   These he is entitled to recover, but the filing of the claim is a waiver of irregularities in locating the roads.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.