## CARPENTER'S PETITION.

On a petition to the court for the laying out of a highway, alleging that the selectmen have neglected and refused to lay it out, a land-owner cannot for the first time contest the truth of the allegation after a trial on the merits before the commissioners and the return of their report.

PETITION, for the laying out of a highway in the town of Woodstock, alleging that the selectmen have neglected and refused to lay out the same. On the return of the report of the commissioners laying out the highway, Fisher, a land-owner, moved that their report be rejected and the petition dismissed, because, as he claimed, the selectmen had not neglected or refused to lay out the highway prayed for, and the court therefore had no jurisdiction. It appeared that Fisher attended before the commissioners, was fully heard by them, and did not there make the objection. The court denied the motion, and he excepted.

*E. A. & C. B. Hibbard*, for the petitioner.

*Burleigh & Adams*, for Fisher.

CARPENTER, J. The objection goes not to the jurisdiction, but to the regularity of the proceedings. *Huntress* v. *Effingham*, 17 N. H. 584; *Stevens* v. *Goffstown*, 21 N. H. 454; *Manchester's Petition*, 28 N. H. 296; *White* v. *Landaff*, 35 N. H. 128; *Bacheler* v. *New Hampton*, 60 N. H. 207.

There is no occasion to consider whether an averment in the petition that the selectmen have neglected or refused to lay out the road is essential to give the court jurisdiction of the subject-matter. *Patten's Petition*, 16 N. H. 277, 280–282; *Dinsmore* v. *Auburn*, 26 N. H. 356, 358; *Haywood* v. *Charlestown*, 34 N. H. 23; *White* v. *Landaff*, 35 N. H. 128, 131.

The irregularity complained of does not concern the land-owners. The requirement that a petition for the highway be first presented to the selectmen was not intended for their benefit, and by a failure to comply with it they are not injured. Their interests are fully protected by the right to be heard by the commissioners, and, on the return of their report, by the court. P. S., c. 68, ss. 8–10; *Stinson* v. *Dunbarton*, 46 N. H. 385. Towns are given no right of appeal from the decision of the selectmen. The presumption is, that no injustice will be done them by the action of their own citizens, equally interested with other citizens in preventing unnecessary burdens. They have the power to discontinue the road at any time. P. S., c. 72, s. 1. The chief if not the only purpose of the provision, that the petition be first presented to the selectmen, is to save needless expense to the towns and to the petitioners, when the necessity for the highway

is not controverted.   Hence the towns may waive the require-
ment.   They do waive it unless they take the objection before
the petition is referred to the commissioners.   *Toppan's Petition*,
24 N. H. 43, and cases before cited.   Land-owners are entitled to
no notice of the proceedings, and have no right to be heard until
the petition is referred to the commissioners.   P. S., *c.* 68, *s.* 3;
*c.* 69, *s.* 1; *Knox* v. *Epsom*, 56 N. H. 14; *Toppan's Petition*, 24
N. H. 43, 50.

If it were competent for Fisher to take the objection, he was
bound to make it at the earliest opportunity after he received
notice of the proceedings, that is to say, at the hearing before
the commissioners.   Though they cannot determine the question,
they have authority to say whether they will proceed to a trial of
the merits before it is settled.   The petitioner might yield to the
objection.   The land-owner cannot justly be permitted to take
the chance of success on the merits, and, if defeated, raise an
objection that he might have taken with equal effect before the
trial, and which, if valid, renders the trial fruitless and its cost a
mere waste of money.   Good faith requires that he give the peti-
tioner an opportunity at least to avoid such useless expense.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.