(57 N. W. Rep. 509.)

---

MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RY. CO. *vs.* SAMUEL K. NESTER.

Opinion filed December 16th, 1893.

**Striking Out Evidence—When Refused.**

> Where there is any competent evidence in the testimony of a witness, a motion to strike out his entire testimony is properly overruled.

**Condemnation Proceediugs—Jury Trial—Waiver.**

> Where condemnation proceedings were commenced under the statute in force prior to the adoption of § 14 of our state constitution, specifying the manner of taking private property for public use, and the land owner participated in such proceedings, and, after the report of the commissioners was filed, demanded a jury trial, as in the statute provided, he thereby waived the benefit of the consti-tutional provision, and cannot at the trial in the District Court before the jury be heard to allege the unconstitutionality of the statute.

**Waiver of Irregularities by Failing to Take Exceptions.**

> By failing to file exceptions to such report, and demanding a jury trial, he waived all irregularities and informalities in the proceedings upon which the commissioners' appraisement was based.

Appeal from District Court, Barnes County; *Rose*, J.

Condemnation proceedings by the Minneapolis, St. Paul & Sault Ste. Marie Railway Company against Samuel K. Nester. From the judgment rendered, defendant appeals.

Affirmed.

*Winterer & Winterer* and *S. L. Glaspell*, for appellant.

*G. K. Andrus, L. W. Gammons* and *Alfred H. Bright*, for respondent.

BARTHOLOMEW, C. J. This action originated is condemnation proceedings. There was an award of damages to appellant by commissioners, from which he appealed to the District Court, where, upon trial, his damages were assessed by a jury at a slightly increased amount; and from judgment in his favor for such amount, with costs, he appeals to this court. There is but one error assigned that bears upon the amount of the verdict, and we wish to discuss that at this point.

Respondent, at the trial, called two witnesses who testified generally as to the character and value of appellant's land, and of the land taken for right of way purposes, and the damage to appellant's farm by such taking; and on cross-examination it was drawn from each witness that, in estimating such damages, he took into consideration the benefit to appellant's farm arising from the construction of respondent's road. Appellant's counsel moved to strike out the testimony of each witness, and the motions were denied. This was clearly right. There was some competent evidence in the testimony of each witness, and the motions went to the whole testimony, instead of being limited to such portions as gave the total damage as estimated by the witness. The court was careful, however, that no wrong should result from this mistake of counsel; for in the charge the jury were told, under four different forms, that, in arriving at the amount of their verdict, they must not consider any benefits to appellant arising from the construction of the road.

Turning to the difficult questions presented, we find the following entry in the abstract: "And said cause came on for hearing and trial at a regular term of the District Court in and for Barnes County, North Dakota, on the 16th day of December, A. D. 1892. And at the beginning of the trial, and before any witnesses had been sworn, the defendant, Samuel K. Nester objected to the jurisdiction of the court to hear and determine this action, and moved that all proceeding herein be dismissed, for the reason that no proper petition has ever been filed, that no

petition has ever been filed describing the lands of the defendant, Samuel K. Nester, and no legal notice of the appointment of commissioners was ever served upon him, and the court is without jurisdiction generally." And again, after the evidence was all in: "The defendant now moves the court to dismiss this proceeding for the following reasons: *First*, the court is without jurisdiction; *second*, the defendant had no notice and was not a party to the proceedings had before the commissioners were appointed; *third*, there is a variance as to the width of the strip demanded in the original petition that is required in this proceeding; *fourth*, there is no evidence that the plaintiff is a corporation; *fifth*, there is no evidence here of the necessity for the taking of the property described in the petition." The point urged under these exceptions is that the court was without jurisdiction. By that it is not meant that the District Court had not jurisdiction in condemnation proceedings properly brought before it. But it is claimed that, by reason of certain precedent irregularities, the jurisdiction was defeated; and it is specially urged that, under § 14 of our state constitution, the statute under which these proceedings were initiated—and which statute was in force prior to the adoption of the constitution—became a nullity, because inconsistent with the constitutional provision. Said § 14 is as follows: "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation, other than municipal, until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived." These proceedings were commenced by respondent under §§ 3000 and 3001 of the Comp. Laws. These sections, with great particularity of detail, provide for an application by petition to the Judge of the District Court for the appointment of commissioners to assess damages for right of way in cases where

the parties cannot agree. We need not specifically further notice the provisions of the statute, nor need we specify the irregularities in the appointment of, and proceedings before, the commissioners, of which appellant now complains. It is enough to say that he went before the commissioners, and contested the question of damages. Neither at that time nor in the trial court did he join issue upon the allegations of respondent's right to condemnation proceedings, or of the necessity of taking the land condemned. After the commissioners had filed their report, he made demand for a trial by jury, as provided by the statute, and alleged that he "hereby demands a trial by jury, as is provided by § 3000 of the Comp. Laws." The record suggests this inquiry: Is appellant in a position to question the constitutionality of this law, by the terms of which he transferred the case into the trial court? Clearly not. He went before the commissoners, and sought the benefit of this law. Subsequently, he voluntarily chose to pursue a remedy provided by the statute in preference to a common-law remedy that was open to him. By these acts he has waived any benefit of the constitutional provision. Such should be the law in reason, and such is the law upon authority. Cooley, Const. Lim. 216; End. Interp. St. § 537, and cases there cited.

Could appellant, at the trial in the District Court, urge, as against the jurisdiction of that court, any irregularities in the preceding condemnation proceedings? This, too, must be answered in the negative. The statute provides "that the report of the commissioners may be reviewed by the District Court on written exceptions filed by either party in the clerk's office within sixty days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirming, modifying, or rejecting the same, or by ordering a new appraisement on good cause shown; or either party may within thirty days after the filing of such report file with the clerk a written demand for a trial by jury; in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered on the verdict in the same manner

as in civil actions in the District Court." Clearly, two courses are left open to a dissatisfied party. He may except to the report, and thereby raise all questions of law as to its legality and sufficiency; or he may demand a jury trial, in which event his damages shall be assessed by a jury through a regular trial in court. But it was never contemplated that both should be used at the same time, or that the latter included the former. When exceptions are filed, it is the report of the commissioners that is to be tested. It may be affirmed, modified, or rejected, and a new appraisement may be ordered. Necessarily, this is done by the court, and there is no place in the proceeding for a jury. On the other hand, when a jury trial is demanded, the whole matter of compensation is in the jury's hands. Their verdict, whether more or less than the commissioner's appraisement, measures the amount of the land owner's recovery. The appraisement, as a measure of damages, becomes absolutely immaterial, and all the steps by which it was reached become likewise immaterial. Mills, Em. Dom. § 324. The learned trial court tried the case upon the theory that the only question involved was the amount of compensation. This was clearly correct, and upon that question the only error assigned is the one relating to the admission of testimony heretofore discussed. The judgment of the trial court is in all things affirmed. All concur.