## WOODWORTH V. SPIRIT MOUND TOWNSHIP.

1. Comp. Laws, § 1296, requires the petition in proceedings to lay out a public road to set forth a description of the road, the names of the owners of lands from which it is to pass, its starting and terminal points, and its general course. *Held*, that the omission in the petition of a description of a school-house site of 1 acre did not deprive the township supervisors of jurisdiction of the subject matter, where such site was included in the description of a 40-acre tract, and the road was so particularly outlined in the petition as to disclose at a glance the lands affected, and the school-district officials consented to its location in conformity with the petition.

2. In proceedings to lay out a public road, statutory requirements as to the manner of procedure enacted for the benefit of private individuals only may be waived by the parties interested.

(Opinion filed March 5, 1898.)

Appeal from circuit court, Clay county. Hon. E. G. SMITH, Judge.

Proceedings to lay out a public road. Defendant had judgment and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*H. G. Tilton* and *French & Orvis*, for appellant.

The omission of a description of the land of the school district, and of the names of the owners of the lands was fatal to the petition. Town of Wayne v. Caldwell, 1 S. D. 483; Damp v. Town of Dane, 29 Wis. 419; Godchaux v. Carpenter, 14 Pac. (Nev.) 140; Williams v. Holmes, 2 Wis. 96; Hayes v. Campbell, 17 Ind. 490.

*E. M. Kelsey*, for respondent.

The proceedings, if irregular, were not void, but only voidable.   Elliott, Roads and Streets, 227 *st seq.;* County of Woodson v. Heed, 33 Kan. 34; I. C. 5 Pac. 453; Heeden v. State, 28 Pac. 203; Clark v. Town Council, 27 Atl. 336; State v. Nelson, 15 N. W. 14.

FULLER, J.   Plaintiff appeals from a judgment of the circuit court sustaining the action of defendant's supervisors in laying out a public road, pursuant to Comp. Laws, §§ 1296–1305, inclusive, and upon the petition of a requisite number of qualified persons.   According to Section 1296, *supra*, the required "petition shall set forth in writing a description of the road, * * * the names of the owners of the lands, if known, over which the road is to pass, the point at which it is to commence its general course, and the point where it is to terminate."   The signers of such petition must cause a copy thereof to be posted in three of the most public places in the township for twenty days before any action is had in relation thereto.   Section 1297.   The proposed road is specified in the petition and notice by a surveyor's description, giving courses and distances, as well as the starting and terminal points; and in all the proceedings the lands over which the road passes, and the owners thereof, are sufficiently designated to meet the requirements of the foregoing and succeeding provisions, with the exception of a school-house site of one acre owned by school district No. 2, which is included in the following description, contained in said petition and notice:   "Martha Helgeson and Gurina Rice (Ingebrecht Severson, mortgagee), northeast quarter of northwest quarter, section 8, township 93, range 52."

Appellant's principal contention, that the failure to describe in the petition and notice the school-house site over which the road passes, and to name therein its owner, is an omission fatal to all that was attempted, in that the supervisors never acquired jurisdiction of the person or subject-matter

of the proceedings, is not, under the circumstances of this case, sustainable. At the time the petition was heard and the order laying out the road made by the supervisor's, appellant appeared specially, and moved to dismiss the proceedings for the reasons above indicated, and shortly thereafter the proper officials of school district No. 2, together with all other interested persons, excepting appellant, filed written releases of all claims for damagas, and consented to the location of a highway in conformity with the petition and order establishing the same. The smallest government subdivision was used in describing the land included in the petition and notice, the proposed road was so particularly outlined therein that anyone could see at a glance just what land would be affected, and, in view of such facts and the statute giving township supervisors general authority to establish, alter, or discontinue rural highways, and to hear and determine all questions appertaining thereto, we are convinced that jurisdiction of the subject-matter was not wanting, and that appellant, who had proper notice, and whose land was fully described, cannot be heard to complain.

While the establishment of a road, according to the method provided by the legislature, involves the taking of private property for a public use, and therefore requires, in every instance, the supervisors to comply substantially with all statutory requirements pertaining to that in which the public has an interest, steps in the procedure which relate wholly to and were created expressly for the benefit of the individual may be waived by the party interested. Town of Wayne v. Caldwell, 1 S. D. 484, 47 N. W. 547. When district No. 2, the only party not named, subjected itself to the jurisdiction of the court, the notice and service were complete; and, as appellant has, by a legally constituted tribunal, having jurisdiction of the person and subject-matter, been awarded ample compensation in the way of damages, complete justice has been done, and the judgment appealed from is affirmed.