(February 4, 1904.)

## CANYON COUNTY v. TOOLE.

### [75 Pac. 609.]

HIGHWAYS—PROCEEDINGS TO CONDEMN LAND FOR—PETITION—NONCON-
SENTING LAND OWNERS—APPEARANCE—BOARD OF COUNTY COMMIS-
SIONERS—APPEAL FROM ORDER OF BOARD—PROCEEDINGS IN COURT
TO PROCURE RIGHT OF WAY.

1. Under the provisions of sections 920 and 921, Revised Stat-
utes, a petition for establishing a public road must contain sub-
stantially all of the facts required to be stated therein by the pro-
visions of said section, in order to give the board of county com-
missioners jurisdiction.

2. If the nonconsenting land owners appear at the hearing of
such petition and introduce evidence against the granting of the
same, and the decision of the board is against them, and they fail
to appeal from the order of the board, they cannot collaterally at-
tack such decision in a suit brought under the provisions of sec-
tion 930, Revised Statutes, on the ground that the petition failed
to state all of the facts required by sections 920 and 921.

3. When the nonconsenting land owner fails to appear at the
hearing of the petition, the board has no jurisdiction to hear the
same unless it contains substantially the statement of facts re-
quired by said sections 920 and 921.

(Syllabus by the court.)

APPEAL from the District Court of Canyon County. Hon-
orable George H. Stewart, Judge.

Action to condemn right of way for a public road. Judg-
ment for defendant. Reversed.

The facts are stated in the opinion.

W. A. Stone, County Attorney, and Griffith & Griffith, for
Appellant.

In the case at bar the defendant Toole had the right to ques-
tion the sufficiency of the petition for the highway described in
the complaint or the regularity of any proceeding thereunder
at any time prior to the final action of the board on the viewer's
report, and if aggrieved by the action taken, could have ap-

pealed to the district court. This, however, the defendant failed to do. He appeared and objected, but did not appeal. In the absence of an appeal the action of the commissioners upon the viewer's report became conclusive, and had the force and effect of a final judgment against the defendant. (*Fisher v. Hobbs,* 42 Ind. 276; *Conaway v. Ascherman et al.,* 94 Ind. 187; *Sowle v. Cosner,* 56 Ind. 276; *Dillman v. Crooks,* 91 Ind. 158; *Green v. Elliott et al.,* 86 Ind. 53; *Forsythe et al. v. Kreuter et al.,* 100 Ind. 27; *Town of Cicero et al. v. Williamson et al.,* 91 Ind. 541.) When a petition is presented to a board of commissioners, sufficient in form and substance to invoke its jurisdiction in a matter where it has general jurisdiction of the subject matter, its judgment declaring the petition sufficient cannot be collaterally attacked, although the petition may have been bad. (*Mullikin v. City of Bloomington,* 72 Ind. 161; *Stoddard v. Johnson,* 75 Ind. 20; *Muncey v. Joest,* 74 Ind. 409; *Argo v. Barthand,* 80 Ind. 63; *Coolman v. Fleming,* 82 Ind. 117.) The failure of petitioners, invoking the assistance of an inferior judicial tribunal, to aver in their petition all such facts as the statute declares such petition shall contain, does not invalidate the proceedings where there are allegations sufficient to show that the tribunal has a general jurisdiction over the subject matter. (*Coolman v. Fleming, supra; Corey v. Swagger,* 74 Ind. 211; Elliott on Roads and Streets, 2d ed., sec. 287.)

Frank J. Smith and Rice & Thompson, for Respondent.

It is a familiar doctrine of law that in the exercise of the right of eminent domain, the course established by law must be substantially complied with in all essential particulars. "The right to appropriate private property to public use lies dormant in the state until legislative action is had, pointing out the occasions, the modes, conditions and agencies for its appropriation. . . . . These provisions must be regarded as in the nature of conditions precedent, which are not only to be observed and complied with before the right of the property owner is disturbed, but the party claiming authority under the adverse proceedings must show affirmatively such compliance."

(Cooley's Constitutional Limitations, 6th ed., p. 648; Idaho Const., art. 1, sec. 14; *Godchaux v. Carpenter,* 19 Nev. 415, 14 Pac. 140; *Stanford v. Worn,* 27 Cal. 172; *Sharpe v. Spier,* 4 Hill, 86.)   Boards of county commissioners in the matter of laying out public highways have only the powers specifically conferred by the statute, and can exercise those powers only in the manner pointed out by the statute.   (*Gorman v. County Commissioners,* 1 Idaho, 655; *County of Modoc v. Spencer,* 103 Cal. 498, 37 Pac. 483; *Damrell v. San Joaquin Co.,* 40 Cal. 154, *Hentzler v. Bradbury,* 5 Kan. App. 1, 47 Pac. 330; *Kimball v. Alameda County,* 46 Cal. 19; *Siskiyou Co. v. Gamlich,* 110 Cal. 94, 42 Pac. 468; *Commissioners of Waubensee Co. v. Muhlenbacker,* 18 Kan. 129; *Sherman v. Buick,* 32 Cal. 242, 91 Am. Dec. 577; *Smithers v. Fitch,* 82 Cal. 153, 22 Pac. 935; *Thatcher v. Crisman,* 6 Colo. App. 49, 39 Pac. 887.)   As stated above, our statute requires as the first step in the laying out of a highway the filing of a petition with the board of county commissioners.   Our statute in this respect is similar to that of a great many states.   It has been uniformly held where the statute makes this requirement, or a similar one, that a petition containing substantially the statement of facts required by the statute is necessary to give the board jurisdiction of the subject matter and that without it the board has no power to act.   (*In re Grove St.,* 61 Cal. 438; *State v. Myer,* 20 Or. 442, 26 Pac. 308; *Howard v. Board of Commerce,* 25 Neb. 229, 41 N. W. 185; *Sime v. Spencer,* 30 Or. 340, 47 Pac. 919; *Craft v. De Soto Co.,* 79 Miss. 618, 31 South. 204; *Thatcher v. Crisman,* 6 Colo. App. 49, 39 Pac. 887; *Matter of Commrs. of Washington Park,* 52 N. Y. 131; *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204; *Curtis v. Pocahontas Co.,* 72 Iowa, 151, 33 N. W. 616; *Cowing v. Ripley,* 76 Mich. 650, 43 N. W. 648; *Ruhland v. Supervisors,* 55 Wis. 664, 13 N. W. 877; *Morris v. Salle,* 14 Ky. Law Rep. 117, 19 S. W. 527.)   The true rule is that the matters which appear on the face of the record must be sufficient to confer jurisdiction according to the terms of the statute, and no resolution or determination of the board could make them different from what they really are.   (*Mulligan v. Smith,* 59 Cal. 206-229.)

SULLIVAN, C. J.—This action was commenced, by order of the board of county commissioners of Canyon county, to condemn the right of way for a public road over the lands of respondents situated in road district No. 1 of said county. This action was before this court on a former appeal, the decision of which is reported in 8 Idaho, 501, 69 Pac. 320. In the complaint are alleged the facts of filing a petition for the location of said public road under the provisions of sections 920 and 921 of the Revised Statutes, and of the action of the board of county commissioners on said petition. Said petition is as follows:

"To the Honorable Board of County Commissioners:

"Gentlemen: We, your petitioners, citizens and taxpayers of Canyon county, respectfully ask that a county road be opened running through lands described as follows."

Then follows a description of the lands, which it is not necessary to insert here, and at the end of said description the following clause or sentence is found, to wit: "as more particularly shown on map attached hereto," and "We would also represent that this proposed road will open up for settlement hundreds of acres of land, and a schoolhouse has already been built thereon, and your petitioners will ever pray." Then follows the names of thirty petitioners. On the plat attached to said petition the lands over which said road is proposed to be extended are platted in forty acre tracts, and the names of certain persons are written on all of the forty acre tracts over which said road extends. It appears from the allegations of the complaint that after filing said petition, and on the tenth day of April, 1899, at a regular meeting of said board, the said petition was considered by said board and found by it to be in proper form and substance, and on motion an order was made appointing three persons to view and survey the said proposed road and submit their report to said board. That thereafter, and on April 7, 1900, the said viewers filed their report, which showed that the viewers had obtained the written consent to give the right of way for said road from all of the land owners over which it passed, except four, the respondent being one of them. Said viewers had estimated the damage to the

nonconsenting land owners, and estimated the total cost of constructing the said road at $485.00, and recommended the said road be laid out over the route shown by said plat. Thereafter, on the nineteenth day of July, 1900, at a regular meeting of said board, the report of said viewers came on for hearing, and it was ordered that the hearing of said report be set for the eleventh day of September, 1900, and directed legal notice to be given to said nonconsenting land owners and all persons interested. Thereafter on said eleventh day of September, the hearing of said matter was continued to the ninth day of October, 1900, and on that day the hearing was had and the nonconsenting land owners appeared personally and introduced certain evidence in their behalf. And it is alleged that after due and deliberate consideration of all of the evidence and facts presented to said board, it was found that said road was a necessity and a great public benefit, and it was ordered that said report and said petition be approved and granted. It appears that the matter was again reheard by said board on February 25, 1901, and after rehearing the evidence of the nonconsenting land owners, the board approved said report and reaffirmed their former decision, and ordered the amount of damages estimated by said viewers be retendered to the nonconsenting land owners, and directed that the said tender be kept good, and that in case said nonconsenting land owners refused to accept said sums so awarded them, the county attorney was ordered to institute proceedings, by law, to procure the said road.

It is further shown that all of said nonconsenting land owners accepted the sum so tendered, except J. J. Toole and J. L. Johnson, the grantee of Stewart, one of the nonconsenting land owners.

J. L. Johnson, one of the defendants, filed a disclaimer, and the respondent, J. J. Toole, answered, denying generally each allegation of the complaint except that Canyon county was a municipal corporation, and averred that the opening and constructing of said highway across his land would damage him in the sum of $350, and prayed for judgment against the plaintiff for said sum with costs of suit. The is-

sues as thus made were tried before the court with a jury. During the trial the appellant county offered in evidence the said petition and other documentary and oral testimony in support of the allegations of the complaint, all of which was excluded on the objection of counsel for the respondent. Counsel objected to the introduction of the petition, for the reason that it failed to state who the owners of the land were over which said road should pass, and whether the owners consented thereto and the probable cost of the right of way; and further, that it did not comply with nor show or state the facts required by the statute, which objections were sustained by the court.

Said section 921 sets forth what a petition of the kind under consideration must contain, and is as follows: "The petition must set forth and describe particularly the road to be abandoned, discontinued, altered, or constructed, and the general route thereof, over what lands, and who the owners thereof are, whether the owners consent thereto, and if not, the probable cost of the right of way, and the necessity for and the advantages of the proposed change."

It is contended by counsel for respondent that each of the requirements of said section is a separate and distinct statement of facts, and that the petition must contain each and every one of said statements. It is contended that the petition must contain: 1. A particular description of the road to be constructed; 2. The general route thereof; 3. Over what land it is to pass; 4. The names of the owners of the land; 5. Whether the owners consent to the laying out of such road; 6. If they do not so consent, the probable cost of the right of way; 7. The necessity for and the advantages of such road.

It is contended that the fourth, fifth and sixth statement of facts as above indicated are totally lacking in said petition, and for that reason the board of county commissioners had no jurisdiction to act in said matter; and further, that a petition containing substantially the statement of facts required by the statute is necessary to give the board jurisdiction of the subject matter, and without it the board has no power to act in the matter, and cite in support of this contention, *Gorman v. County Commissioners,* 1 Idaho, 553. That case arose out of

the action of the board of county commissioners in removing from office the assessor and tax collector of Boise county, and the court held in reviewing its action that such board is a tribunal created by statute, with limited jurisdiction, and only *quasi* judicial powers, and cannot act except in strict accordance with the statute.   Gorman appealed from the order of the board, thus directly attacking such order.

*In re Grove Street,* 61 Cal. 438, is also one of many other cases cited in support of respondent's contention.   That is a very instructive case, and was commenced as a proceeding under the statutes of California for the condemnation of land for an extention of a street in the city of Oakland.   A number of questions were raised in that case, and the controlling one was whether the petition presented by the city council to the county court was fatally defective in that it did not state all the facts required by statute to be stated therein.   In that case, under the laws of California, the city council filed in the county court a petition praying the appointment of commissioners to assess the compensation to be paid to the several land owners of the land sought to be condemned, and to make the assessment against the land to be benefited by the improvement.   The court appointed the commissioners and they subsequently made their report to the court.   When the report came on for hearing a number of the land owners appeared and filed their objections in writing, and moved to quash all of the proceedings upon the ground, among others, that the petition was defective, in that it did not contain all of the facts required by the statute to be stated therein.   The county court overruled said objections and entered judgment against the defendant land owners from which an appeal was taken.   Thus the land owners attacked said proceeding and petition directly and not collaterally as in the case at bar, and on that state of facts the court there held as follows: "It was for the legislature to prescribe, and the legislature has prescribed, what the petition shall contain.   Until a petition has been presented containing substantially all that the law declares shall be inserted in a petition to initiate the proceedings, the council has no power or jurisdiction to act with reference to the opening of a street."

In the case at bar, if the respondent had failed to appear, or when he appeared before the board to contest the granting of the petition had objected to the sufficiency of the petition, and on the decision being against him had appealed from the order, the decision in *Re Grove Street, supra,* would have been in point. But having appeared and contested the laying out of the proposed public highway, and not having appealed from the decision of the board against him, he cannot collaterally attack such proceedings in a suit brought under the provisions of section 930.

Counsel for respondent cite many authorities in support of their contention that the petition for a public road must contain substantially the statement of facts required by the statute. That is the well-established rule, especially when the non-consenting land owners fail to appear at the hearing of the petition, and also when they do appear and object to the sufficiency of the petition on the ground that it does not contain a statement of the facts required by the statute, and in the latter case if the decision is against them they appeal therefrom, then the question of the sufficiency of the petition is directly raised. By appealing, they attack the decision of the board directly and not collaterally as was done in this case, and in case they fail to appear at the hearing of the petition, the board obtains no jurisdiction in the matter unless the petition contains a substantial statement of the facts required to be stated therein by the statute.

It must be borne in mind that this is a condemnation proceeding under special provision of our statute, and in such cases the general rule is the petition must contain substantially all the statements of facts required by the statute, and if it does not, the board has no jurisdiction unless the nonconsenting land owners appear and proceed as though the petition was not defective.

It appears from the record before us that the respondent personally appeared before the board at the time said petition was heard and considered, and was sworn and testified in said matter against the granting of said petition and introduced all the evidence that he desired to introduce in said matter. It

is not shown that he objected to the form of said petition or that it did not contain all of the facts required to be stated by the provisions of the said section of the statute. It appears that the board decided that there was a necessity for such road and awarded the appellant damages in the sum of $75, from which order and decision of the board no appeal was taken by this respondent. It also appears that in his answer he does not specifically deny the allegations of said complaint in regard to said proceedings of the board of county commissioners, although he denies them generally; and it is also averred in said answer that the laying out of said road across his land would damage him in the sum of $350, and prayed for judgment for that amount. The question arises, then, whether the action of said board of county commissioners did not finally determine the rights of the respondent except as to the damages he would sustain, he having appeared in said proceedings and failed to appeal from the decision and the order of said board.

There is no question but what a petition for the laying out of a public road must substantially contain the substantive facts required to be stated therein by the provisions of said section 921, in order to give the board jurisdiction of the subject matter where the nonconsenting land owner failed to appear and contest the laying out of the highway; but where, as in this case, the nonconsenting land owner appears and raises no objection to the form of the petition and proceeds as though it were sufficient, and introduces his testimony before the board of commissioners against the laying out and the establishment of such highway, and prays for damages in a much greater amount than was awarded him by the viewers, we are of the opinion that he cannot in this action raise the question of the sufficiency of such petition; that he cannot attack said order or decision of the board collaterally in a proceeding like the suit at bar.

Section 930 of the Revised Statutes provides that if any award of damages is rejected by the land owner, the board must, by order, direct proceedings to procure the right of way to be instituted by the district attorney of the county in which said road is located. The provisions of that section provide

for a suit in which and by which the award of damages made by the county commissioners may be contested by the land owner, and in that suit the land owner cannot set up as a defense the defects in the petition, where he has appeared before the board and contested the granting of the petition. If he was not satisfied with the action of the board, his remedy was by appeal from its order, and if he failed to appeal, he cannot attack the decision of the board collaterally in a suit brought under the provision of section 930, Revised Statutes.

The evident intent of the legislature was that all matters pertaining to the laying out of public roads, except as to the damages to be awarded to nonconsenting land owners, must be settled by the board of county commissioners at a hearing of the petition for the road, subject, however, to an appeal by any land owner dissatisfied with the order of the board therein. In the case at bar we think the board would not have acquired jurisdiction had the respondent not appeared and contested the allowance of said petition when the hearing was had thereon before the board, and in that case he would not have been bound by the action of the board. But under all of the facts in this case we conclude that the respondent was bound by the action of said board, and was estopped from raising any question as to the sufficiency of said petition or the sufficiency of any of the proceedings before said board in this suit or proceeding except as to the damages awarded by the board.

For the reasons above stated, the judgment must be reversed, and it is so ordered, with costs in favor of the respondent, and the cause is remanded for further proceedings in accord with the views expressed in this opinion.

Stockslager and Ailshie, JJ., concur.