ALEXANDER B. ALLEN v. FREEHOLDERS OF HUNTERDON.

Argued November 2, 1904—Decided February 27, 1905.

A delay of more than two years in applying for a writ of *certiorari*, with knowledge by the prosecutor of the resolution and contract here in question, during which time most of the work had been performed and paid for, is such laches as requires the dismissal of the writ.

---

On *certiorari*.

Before Justices DIXON and SWAYZE.

For the prosecutor, *Richard S. Kuhl.*

For the defendant, *H. Burdett Herr.*

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor is a taxpayer of the county of Hunterdon and seeks by these proceedings to set aside a resolution of the board of chosen freeholders, adopted June 12th, 1901, authorizing the county clerk to reindex the deed books in his office, and a resolution of November 11th, 1903, by which the time fixed for the completion of the work and payment of the price was shortened. The writ was allowed November 18th, 1903. At that time the work had been nearly completed and most of the contract price had been paid. The testimony shows that two newspapers published in Fleming-

ton, the county seat of Hunterdon county, published a statement of the resolution of June, 1901, at the time of its passage, and that the subject was a matter of discussion at a club of which the prosecutor was a member. A witness testifies that he is sure the prosecutor knew that a new index was being made, either from the witness or general conversation in the club room.

Upon these facts, we think we are not called upon to consider the objections urged against the resolution of June 12th, 1901. The county clerk seems to have done the work authorized by the resolution, and the defendants have paid him therefor. The prosecutor allowed more than two years to pass without objection.

"It must be considered as completely settled in this state that when the proceedings of a municipal corporation have contemplated and resulted in the expenditure of public money, objections, even when founded on lack of authority, must be made promptly." *Read* v. *Atlantic City, 20 Vroom* 558, 562.

The principle has been approved in the Court of Errors and Appeals (*Wilkinson* v. *Trenton, 7 Vroom* 499, 506), and in *Read* v. *Atlantic City,* 21 *Id.* 665, 666, the Court of Errors and Appeals held that the determination of the Supreme Court on the question of laches was final, and not subject to review in that court on error.

There are numerous cases in our reports where writs of *certiorari* of this character, where a private prosecutor seeks to question proceedings on the faith of which work has been done and public money expended, have been dismissed for laches. *Zabriskie* v. *Hudson City, 5 Dutcher* 115; *Malone* v. *Jersey City, 1 Vroom* 247; *Hampson* v. *Paterson, 7 Id.* 159; *Grant* v. *Clark, 9 Id.* 102; *Spear* v. *Perth Amboy, Id.* 425, where it is said "such is the established policy of the courts;" *Bowne* v. *Logan, 14 Id.* 421; *Provident Institution* v. *Jersey City,* 23 *Id.* 490; *Hildreth* v. *Rutherford, Id.* 501; *Cunningham* v. *Merchantville, 32 Id.* 466; *Stetler* v. *East Rutherford, 36 Id.* 528; *Van Wagoner* v. *Paterson, 38 Id.* 455; *Coward* v. *Bayonne, Id.* 470.

Since the prosecutor is barred by his laches from questioning the contract under the resolution of June 12th, 1901, he ought not to be allowed to question a mere modification of the contract affecting only the time for performance and payment. If by anticipating the payments, under the resolution of November 11th, 1903, the board of freeholders exceeded the appropriations for the year, they might render themselves liable to indictment; but the total pecuniary obligation of the county is not shown to have been increased by the resolution of November 11th, 1903.

The writ should be dismissed.

