DOMENICK LIVELLI, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

Argued February 17, 1909—Decided June 7, 1909.

1. An act concerning the appointment of commissioners of assessment of taxes in certain cities, passed April 3d, 1889 (*Pamph. L.,* p. 152), being an act dealing with the structure, machinery or powers of municipal government, is constitutional under the authority of *McCarthy* v. *Queen,* 47 *Vroom* 144, affirmed by the Court of Errors and Appeals.

2. The provision in said act that "no more than a bare majority of such board of assessors or officers shall at any time be members of one political party" does not render the act invalid.

3. The failure of a taxpayer to apply for a writ of *certiorari* to set aside an ordinance defining the duty and fixing the salary of commissioners of assessment of taxes for a period of over eleven years, during which such taxpayer was a resident of the municipality wherein the ordinance was in force, is gross laches and disentitles him to the writ.

On rule to show cause for a writ of *certiorari*.

Before Justices GARRISON, BERGEN and VOORHEES.

For the prosecutor, *Samuel A. Besson.*

For the defendant, *John J. Fallon.*

The opinion of the court was delivered by

VOORHEES, J. This is a rule to show cause why a writ of *certiorari* should not issue to remove an ordinance passed by the council of Hoboken entitled "An ordinance defining the duty and fixing the salary of commissioners of assessment of taxes," passed June 3d, 1897, and thereafter partially included in a revision and recompilation of ordinances in 1900.

The ground of attack is that the act of the legislature entitled "An act concerning the appointment of commissioners of assessment of taxes in certain cities," passed April 3d, 1889 (*Pamph. L., p. 152*), is unconstitutional. It is asserted that it is special legislation regulating the internal affairs of towns, &c. The question must be resolved against the prosecutor under *McCarthy* v. *Queen,* 47 *Vroom* 144, affirmed by the Court of Errors and Appeals, where it is asserted that an act dealing merely with the structure, machinery or powers of municipal government is general, although it embraces only a class of cities formed on the basis of their population according to the discretion of the legislature, unless the class formed be illusory. The provision in the act that no more than a bare majority of such board of assessors or officers shall at any time be members of one political party does not render the act invalid. It was so held by this court regarding chapters 45,

46 and 62 of the laws of 1907, in *McCarter, Attorney-General,* v. *McKelvey, ante p. 3.*

The gross laches of the prosecutor will prevent the allowance of the writ by the court in the exercise of its discretion. The ordinance attacked was passed in 1897. This application is made more than eleven years thereafter, during which time the prosecutor, who invokes the power of this court as a taxpayer merely, has lived in the city of Hoboken.

The change in the machinery of the city government in respect to the department of taxes has been made and continued under the act and ordinance to the knowledge of the prosecutor without objection for over a decade, and will not now be disturbed. *Allen* v. *Freeholders,* 43 *Vroom* 116, and cases cited.

The rule should be discharged and the allowance of the writ refused, with costs.