197 So. 20

### Ex parte CITY OF BESSEMER.

### CITY OF BESSEMER v. GOODWYN, Judge.

#### 6 Div. 649.

Supreme Court of Alabama.

June 6, 1940.

Rehearing Denied June 27, 1940.

G. H. Bumgardner and H. H. Sullinger, both of Bessemer, for petitioner.

Horace C. Wilkinson, of Birmingham, and L. H. Etheridge, of Bessemer, for respondent and intervener.

THOMAS, Justice.

The City of Bessemer seeks a mandamus to require the Circuit Judge to set aside his ruling sustaining a demurrer to and dismissal of the city's motion to transfer the pending cause of the City of Bessemer v. Wilkes to the equity side of that court's docket.

The initial proceeding in the probate court was by the City of Bessemer against Wilkes et al., for condemnation of a right of way across properties described (including those of Wilkes) for use of the city in building an electric transmission line. The petition of date of January 18, 1939, for condemnation was for a right of way for electric transmission lines over "a lot on the Wilkes property located wholly without the corporate limits of the City of Bessemer." It is insisted that the petition in the probate court and the resolution adopted by the City Council of Bessemer authorizing condemnation failed to aver that the right of way sought to be acquired was for the purpose of serving the needs of the citizens of that municipality.

It is further insisted that the requirement in such condemnation proceedings is to aver in legal effect that the action was for the purpose of "serving the needs of citizens of the municipality."

The decision in J. Blach & Sons, Inc., v. Hawkins, Probate Judge, 238 Ala. 172, 189 So. 726, 727, 728, is cited to uphold the ruling of the circuit court that such averment is essential to quicken into exercise the jurisdiction of the probate court to entertain the condemnation proceedings. The expression in the fourth paragraph: "The petition in the probate court for condemnation seems to studiously avoid averring that the power was to be transmitted for the purpose of serving 'the needs of its citizens,' a defect pointed out by the 14th ground of demurrer which was erroneously overruled and which said averment was essential to show the municipality's right to condemn the land in question and *to give the* probate court jurisdiction." [Italics

supplied.], on first blush seems to sustain that contention. However, when the opinion as a whole is considered with the result announced, it is evident that the court did not mean to so hold. The appeal in that case was from a judgment of the circuit court dismissing the petition of the property owner, praying for the issuance of a writ of prohibition to restrain the probate court from entertaining the condemnation proceeding. This court held that the landowner was not entitled to such writ but under the alternative prayer of the petition was entitled to the writ of mandamus, in the absence of adequate remedy by appeal, to review the ruling on demurrer. This has long been the well-settled practice. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Watters et al., 180 Ala. 523, 61 So. 904.

■ It is not essential to the right of the municipality to condemn or of the power and jurisdiction of the probate court to entertain the proceedings that the right of way sought to be condemned should be located within the corporate limits or that the use should be restricted to the residents of a municipality. Code 1923, §§ 2001, 2295. These sections are a part of Chapter 43 of the Code, a part of one system of law, and when construed in pari materia authorize the acquiring and maintenance of such works for supplying gas "or electricity to the city or town *and surrounding territory;* to regulate the manner and rates for furnishing gas, electricity and water," etc.

Said Section 2295 provides: "Whenever in the judgment of the council of a city or town, it may be necessary or expedient for the carrying out and full exercise of any power granted by this chapter, the said town or city shall have full power and authority to acquire by purchase the necessary lands, or rights, easements, or interests therein, thereunder, or thereover, or for the purposes for which private property may be acquired by condemnation, may proceed to condemn the same in the manner provided by this chapter, or by the general laws of this state, governing the taking of lands or the acquiring of interests therein for the uses for which private property may be taken, and such proceedings shall be governed in every respect by the general laws of this state pertaining thereto, or by the provisions on the subject contained in this chapter, when the same are followed."

■ It is declared in this jurisdiction that mandamus will issue to compel the transfer of a cause of action to the equity docket of the court that equitable defenses may be availed of and where the same cannot be asserted at law. Holder v. Taylor, 233 Ala. 477, 172 So. 761; Ex parte Tennessee Valley Bank, 231 Ala. 545, 166 So. 1; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843.

In Hendrix v. Southern Railway Co., 130 Ala. 205, 30 So. 596, 89 Am.St.Rep. 27, this court declared: "When the owner of land has knowledge of the fact that a railroad is proceeding to construct its road on his land, and allows it to expend large sums of money for this purpose, and for subsequent improvements upon said road bed and right of way, without interfering or forbidding the company to proceed, such owner is estopped from evicting the railroad company by action of ejectment."

There is analogy in City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B, 746.

■ The text books and decisions in other jurisdictions are to the effect that defects in condemnation proceedings may be waived by the landowner and acts which create an estoppel may be set up as a defense to any assertion of the invalidity of such proceeding later made by the owner. 11 C.J. p. 138, paragraph 103 and notes; 20 C.J. p. 1179, paragraph 541; 14 C.J. Sec. p. 200, paragraph 52; 10 R.C.L. p. 230, paragraph 194; 10 R.C.L. p. 782, paragraph 397; Whiting Mfg. Co. v. Carolina Aluminum Co., 207 N.C. 52, 175 S.E. 698, page 703; Warmec Corp. v. State Highway Comm., 160 A. 766, 10 N.J.Misc. 791; Canyon County v. Toole, 9 Idaho 561, 75 P. 609; Davis v. Board of County Commissioners of Boone County, 28 Neb. 837, 45 N.W. 249; Woodworth v. Spirit Mound Tp., 10 S.D. 504, 74 N.W. 443; Dennis v. Independent School Dist. of Walker et al., 166 Iowa 744, 148 N.W. 1007, 1010; Minneapolis St. P. & S. St. M. Ry. Co. v. Nester, 3 N.D. 480, 57 N.W. 510, 511; Allen v. Board of Chosen Freeholders of Hunterdon County, 72 N.J.L. 116, 60 A. 36.

In Whiting Mfg. Co. v. Carolina Aluminum Co., 207 N.C. 52, 175 S.E. 698, 703, it is said of the text of 10 R.C.L. (Eminent Domain), p. 230, part sec. 194, that: "'It is well settled that an owner of land, who knowingly allows an expensive public improvement to be erected upon his land with-

out proper condemnation proceedings, waives his right to object to the validity of the taking, and even when he is constitutionally entitled to compensation in advance, he is in such case estopped from asking for an injunction against the continued occupation of his land, or from attempting to require possession by writ of entry or ejectment proceedings. Furthermore, an owner who has so acted may himself be enjoined from attempting forcibly to remove or destroy the works that have been constructed upon his land. In certain cases, however, the rule has no application, as for example where a dam was properly constructed upon land acquired for the purpose and where as a consequence not anticipated by the owner, it effected a flooding of land not taken. When the only ground for complaint is that compensation has not been paid in advance, an owner who allows the work to be constructed without objection, cannot treat the taking as unlawful, even to the extent of bringing a common law action of trespass, if there is a statutory proceeding available for the ascertainment of damages. The fact that a landowner stands by and acquiesces in or even consents to the appropriation of his land for public use does not, however, amount to a waiver on his part of his right to claim compensation for the land taken and the damage inflicted.'"

We are not without decisions by this court to the effect that the owner, in condemnation proceedings, will not be permitted to take chances on a favorable result on the question of award of damages and if disappointed in the money award advert to objections which should have been made before said award. Patterson v. Atlantic Coast Line R. Co., 204 Ala. 453, 86 So. 20; Louisville & Nashville R. Co., Ex parte, 211 Ala. 531, 100 So. 843; Alabama Great Southern R. Co. v. Brown, 215 Ala. 533, 112 So. 131. See also Lewis on Eminent Domain, 3rd Ed., p. 1075, paragraph 611; Johnson et al. v. West, 89 Ark. 604, 117 S.W. 770; Carpenter's Petition, 67 N.H. 574, 32 A. 773; Lieberman v. Chicago & S. S. R. T. R. Co., 141 Ill. 140, 30 N.E. 544, page 564.

▆ In the instant case the proceedings for condemnation in the probate court were completed in February, 1939, and it was in November, thereafter, that M. E. Wilkes questioned the authority of the city to condemn a right of way over his land. It is averred that during the proceedings for condemnation that he stated to the probate court having jurisdiction of the subject-matter and to the representatives of the city that he did not question the right and authority sought to be exercised or asserted by the city; delayed further action in the matter until the damages in that proceeding were assessed, and being dissatisfied with the award questioned the authority. Meanwhile he had permitted the city to erect its transmission lines over his and other adjacent properties at a large expense and after such erection of lines the city used the same to transmit power to its distribution system and were used by the citizens of the municipality. According to the pleading, the necessary means of supplying the citizens of the municipality with electricity it was incumbent to build across the Wilkes land.

Thus it is apparent that Wilkes is now seeking to question the city's authority to take his land after the lapse of about nine months and after his statement to the probate court exercising the right of condemnation and to the legal representatives of the city that he did not then, nor did he intend to, question the city's right and authority in the premises to condemn his land for the easement necessary for the citizens of Bessemer.

It follows that the probate court and the City of Bessemer were led to believe by such statements that the only issue of fact to be determined was the amount of just compensation to be paid under the law to Wilkes for the easement sought to be obtained by the condemnation proceedings. In the petition of the City of Bessemer to transfer this case to the equity docket it offers to pay Wilkes for any damages assessed by a jury and asserts its ability to pay.

The circuit court was in error in declining to transfer the cause to the equity docket so that the city could assert its equitable defense and rights in the premises, under the rules that obtain in such court.

▆ It has long been the law that if a man is silent when he should speak, equity will debar him from speaking when conscience requires him to be silent. Ivy v. Hood, 202 Ala. 121, 79 So. 587.

▆ It has been observed of the above rule of justice, that in its proper field, estoppel has a power of mastery over all other rules, and is entitled to the distinction

 

of being one of the greatest instrumentalities to promote the ends of justice and which a court of equity affords.

It follows that the demurrers of Judge Goodwyn are not well assigned, that the answer and prayer of intervenor Wilkes are not well founded in facts averred and in the law having application, and that the prayer of the petition by the City of Bessemer should be and is granted, and the cause transferred to the equity division of the circuit court to be tried upon the issues of fact properly presented therein, and in accordance with the principles announced in this opinion.

Writ of mandamus granted.

All the Justices concur.